UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
COURT FILE NO.:

Teresa Lynn Murphy,

      Plaintiff,

  -vs-

General Electric Capital Corp. d/b/a
GE Money Bank a/k/a GEMB a/k/a
GEMB/JCPenney,

      Defendant.

**COMPLAINT WITH JURY TRIAL DEMAND**

## JURISDICTION

1. This action arises out of Defendant's violation of the Fair and Accurate Credit Transaction Act U.S.C. § 1681 *et seq*. ("FACTA").

2. Plaintiff brings this action for damages against Defendant for violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 a *seq.* Plaintiff seeks, actual damages, statutory and punitive damages, costs and attorney fees.

3. Jurisdiction of this Court arises under 15 U.S.C. § 1681s-2(b) pursuant to 15 U.S.C. § 1681 *et seq*.

## PARTIES

4. Plaintiff Teresa Murphy is a natural person who resides in the city of Maple Grove, county of Hennepin, in the state of Minnesota. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1681a(c).

5. Defendant General Electric Capital Corp. d/b/a GE Money Bank a/k/a GEMB a/k/a GEMB/JCPenney (hereinafter "GEMB/JCP") is a foreign corporation incorporated under the laws of the State of Delaware. It is headquartered at 777 Long Ridge Road, Stamford, CT  06927. It is a leading provider of financial services to consumers and retailers in 38 countries around the world. As a unit of the General Electric Company, with more than $106 billion in assets, it offers a full range of innovative financial products to suit its partners' needs. Those products include private label credit cards, personal loans, bank cards, auto loans and leases, mortgages, corporate travel and purchasing cards, debt consolidation, home equity loans and credit insurance.

## FACTUAL ALLEGATIONS

6. Plaintiff incorporates by reference all preceding paragraphs as though fully stated Herein.

7. In 1982 Plaintiff opened a JCPenney account xxx-xxx-5223. She was the primary card holder; my now ex-husband, James J. Murphy, was co-account holder.

8. Plaintiff alleges that she telephoned JCPenney Card on or about April 1, 2003 to close account # xxx-xxx-5223.

9. The account was closed the account in 2003 with a zero balance.

10. Plaintiff Teresa Lynn Murphy's divorce from James Joseph Murphy became final on August 17, 2005.

11. Plaintiff believed her efforts to separate herself financially from Mr. Murphy were complete, thorough and successful by the time the divorce was finalized.

12. Thus Plaintiff was stunned on or about August 2006 when she began to receive JCPenney billing statements on account # xxxxxx5223.

13. Her concern and upset became more pronounced when she reviewed her May 7, 2007 Equifax credit report and read: GEMB/JCP xxxxxx5223 balance: $ 719.

14. Plaintiff alleges, upon information and belief, that Mr. Murphy went shopping for women's clothing and jewelry at JC Penney.

15. Plaintiff alleges that JCPenney's agent asked if he would like to re-activate the closed account.  Plaintiff alleges Mr. Murphy said he would and he re-opened it in Plaintiff's name.

16. Plaintiff alleges Mr. Murphy fraudulently authorized the GEMB/JCPenney account xxx-xxx-5223 and he then fraudulently charged his purchases on this account.

17. Plaintiff had no knowledge of his actions, nor had she given her consent to the transaction or reactivation nor had she authorized this actions or transactions. The clothing and jewelry were not for her.

18. Plaintiff alleges JC Penny/GEMB account #xxx-xxx-5223 is a fraudulently opened account and should not be reporting as opened or with any balance after 2003.

19. Plaintiff disputed on or about August 14, 2007 with JCPenney Card stating much of the preceding paragraphs in a lengthy handwritten letter.

20. Therein she affirmed she had not reopened the account and wrote the following statements among many:

> I have not used my JCPenney account
> I had zero balance on my card when I closed it and to
> take my ex-husband off my account due to divorce
> and court orders… I do not shop at JCPenney….

21. Thus, when Plaintiff received a JCPenney billing statement dated August 28, 2007 with a total balance due of $796.65, her frustration, anger, and exasperation grew.

22. Plaintiff applied to Wells Fargo Bank for a credit card on August 29, 2007 and was denied.

23. Plaintiff was livid when she read on the subscriber report she owed $796 to Defendant GEMB/JCP and that this account was 120 days late with an R-9 rating.

24. Plaintiff again disputed directly with JCPenney Card and its response was:

> We are unable to accept you claim that the disputed charges on the account (#xxx-xxx-5223) were unauthorized for the following reasons:
> **x** Account opened greater than 1 year with verifiable payment history.(TNF only)
> **x** Customer benefited from the use of card.

25. JCPenney reiterated it expected payment.

26. Plaintiff then pursued her ex-husband and demanded he make payment on these JC Penney transactions that were his and his alone.

27. Mr. Murphy on or about October 8, 2007 paid the debt, enclosed a check to the Defendant with a letter he signed before a notary public and asked that the

negative JCPenney account -xxx-xxx-5223 be removed from Plaintiff's credit report.

28. Plaintiff then followed up with a dispute letter to the credit reporting agencies, Experian Information Solutions, Inc. Equifax Information Services LLC, Trans Union LLC and CSC Credit Services Inc., in an October 10, 2007 letter in which she re-stated that the disputed JCPenney/GEMB account xxx-xxx-5223 was closed in 2003, had a zero balance at that time, and had been re-opened fraudulently without her knowledge or consent.

29. Plaintiff enclosed an affidavit affirming her statement of fraud.

30. Plaintiff next received an Experian credit report dated October 26, 2007.

31. Therein Experian reported two (2) GEMB/JCP accounts:

- GEMB/JCP xxx-xxx-5223 *STATUS: Credit Card lost or stolen, closed/past due 120 days*
- GEMB/JCPxxx-xxx-4302 *STATUS: open/current, was past due 120 days*

32. Plaintiff alleges Experian's response indicated Defendant GEMB/JCP failed to conduct a reasonable investigation of her dispute and it was in violation of 15 U.S.C § 1681s-2(b).

33. Plaintiff subsequently received an October 30, 2007 letter from GEMB/JCP in which it states the account ending in 4302 has been closed at your request... (with a current balance as of the date of this letter …$0.00."

34. GEMB/JCP's next missive regarding the account ending in 4302 was dated

October 31, 2007 and it left Plaintiff aghast as she read: "We do not make account changes or provide information about your account to unauthorized parties or authorized parties that cannot be properly verified... .if you need to update your account..." Contact customer service.

35. Trans Union sent Plaintiff a November 7, 2007 Trans Union credit report responsive to her October 10, 2007 dispute.

36. Herein Plaintiff read:

      GEMB/JCP # xxxxxx4302     *verified, no change*

37. Plaintiff alleges the fact that Trans Union "verified" the account indicates Defendant GEMB/JCP failed to conduct a reasonable investigation of her dispute and was in violation of 15 U.S.C § 1681s-2(b).

38. Even more annoying was the fact that Defendant GEMB/JCP was reporting GEMB/JCP xxxxxx5223 as 120 days late and GEMB/JCP # xxxxxx4302 120 days late.

39. Plaintiff's November 8, 2007 Experian credit report communicated:

- GEMB/JCP xxx-xxx-5223 *STATUS: closed/past due 120 days*
- GEMB/JCPxxx-xxx-4302 *STATUS: open/current, was past due 120 days*

40. It was now obvious to Plaintiff that her credit history would remain tarnished for the Defendant GEMB/JCP violated the FCRA when it communicated "verified no

change" to the credit reporting agencies.

41. Defendant failed to investigate Plaintiff's dispute reasonably and as such is in violation of the FCRA, 15 U.S.C. §1681s-2(b) for the inaccurate responses it communicated to the credit reporting agencies.

42. As a result of Defendant's conduct, actions, and inaction, Plaintiff has suffered detriment to her credit rating, resulting in a frustrating inability to obtain credit easily, emotional distress, embarrassment, anxiety, and humiliation.

## TRIAL BY JURY

43. Plaintiff is entitled to and hereby demands a trial by jury. US Const. amend. 7. Fed. R. Civ. P. 38.

## CAUSES OF ACTION

### COUNT I.

**VIOLATION OF THE FAIR CREDIT REPORTING ACT- 15 U.S.C. § 1681s-2(b) GEMB/JCPENNEY CARD**

44. Plaintiff incorporates by reference all preceding paragraphs as though fully stated herein.

44. Defendant willfully violated 15 U.S.C. § 1681s-2(b) by failing to conduct a reasonable investigation with respect to the disputed account information.

45. As a result of Defendant's violations of § 168ls-2(b), Plaintiff has suffered out-of pocket expenses, loss of time, and detriment to her credit rating, resulting in a

frustrating inability to obtain credit easily if at all, emotional distress, embarrassment, distraction, mental anguish, anxiety, and humiliation in an amount to be determined at trial.

46. Defendant's conduct, actions and inactions were willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

47. Plaintiff is entitled to recover costs and attorney fees from Defendants in such an amount as the Court will allow pursuant to 15 U.S.C. § 1681n and § 1681o.

**WHEREFORE,** Plaintiff prays that judgment be entered against this Defendant for:

a.) Actual damages in an amount to be determined at trial against Defendant;

b.) Statutory and punitive damages in an amount to be determined at trial against Defendant pursuant to 15 U.S.C § 168 ls-2(b);

c.) Costs and reasonable attorneys' fees pursuant 15 U.S.C. § 1681n and § 1681o;

d.) Other and further relief as may be just and proper.

Dated : 12/21/2007               Respectfully submitted,

                                 By: s/ Thomas J. Lyons Jr.

                                 CONSUMER JUSTICE CENTER, P.A.
                                 Thomas J. Lyons, Jr., Esq. MBN: 0249646
                                   367 Commerce Court
                                   Vadnais Heights, MN 55127
                                   (651) 770-9707
                                   tommycjc@aol.com

Attorney for Plaintiff

# VERIFICATION OF COMPLAINT AND CERTIFICATION BY PLAINTIFF

STATE OF MINNESOTA       )
                         )
COUNTY OF HENNEPIN       )

     I, Teresa Lynn Murphy, having first been duly sworn and upon oath, deposes and says as follows:

1. I am the Plaintiff in this civil proceeding.

2. I have read the above-entitled civil Complaint prepared by my attorney and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.

3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.

4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.

5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.

                                                      Teresa Lynn Murphy

Subscribed and sworn to before me

this 19 day of ~~January 2008.~~ December 2007

_____
Notary Public

SARA J KNIGGE
Notary Public
Minnesota
My Commission Expires Jan. 31, 2012

Murphy v. GEMB/JCP
Complaint w/
Jury trial demand          10